UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANDREW JAMES WILSON,

                    Petitioner,

-vs-                                                    Case No.  8:07-cv-1579-T-17EAJ

SECRETARY, DEPT. OF CORRECTIONS,

                    Respondent.

_____/

## ORDER

        Andrew James Wilson petitions for the writ of habeas corpus pursuant to 28 U.S.C. §

2254.  Wilson challenges his conviction and sentence for robbery entered by the Circuit Court

for the Sixth Judicial Circuit, Pasco County, Florida.  A review of the record demonstrates that,

for the following reasons, the petition must be denied.

PROCEDURAL BACKGROUND

        Wilson was found guilty as charged of robbery with a deadly weapon after a jury trial

held December 6-8, 1999. On January 28, 2000, Wilson was adjudicated guilty in accordance

with the verdict and sentenced as a prison releasee reoffender to 30 years prison.

        Wilson appealed his trial-based judgment of conviction and sentence, and on January

3, 2001, the state district court of appeal per curiam affirmed without written decision in case

no. 2D00-0567. *Wilson v. State*, 782 So. 2d 880 (Fla. 2nd DCA 2001)[table]. Wilson did not

seek rehearing; nor did he pursue certiorari review in the united States Supreme Court. S

        Wilson filed a pro se motion for postconviction relief pursuant to Florida Rule of Criminal

Procedure 3.850, dated December 21, 2001. By order rendered April 15, 2002, the

postconviction court summarily denied the rule 3.850 motion. Wilson did not timely appeal the summary denial.

On July 22, 2002, Wilson filed a pro se petition seeking a belated collateral appeal. On August 30, 2002, the state district court granted the application in case no. 2D02-2939. Treating the order as the notice of appeal, the state district court directed the appeal of the rule 3.850 denial to proceed under a separate case number. *Wilson v. State*, 827 So. 2d 1001 (Fla. 2nd DCA 2002)

On January 31, 2003, the state district court of appeal per curiam affirmed the rule 3.850 denial without written decision in case no. 2D02-4115. *Wilson v. State*, 838 So. 2d 1161 (Fla. 2nd DCA 2003)[table]. The mandate issued February 25, 2003.

Wilson filed a pro se petition for writ of habeas corpus dated August 8, 2006, alleging that the decision in his direct appeal was inconsistent with state decisional law. Shortly thereafter, on August 18, 2006, the state district court of appeal denied the petition without elaboration in case no. 2D06-3649. *Wilson v. State*, 937 So. 2d 1110 (Fla. 2nd DCA 2006)[table]. Wilson's motion for clarification was denied on September 15, 2006.

Wilson filed another pro se rule 3.850 motion dated August 31, 2006. By order rendered November 15, 2006, the postconviction court, finding the motion untimely and there was no new law which would require retroactive application, denied the application. Wilson appealed, and on June 22, 2007, the state district court of appeal per curiam affirmed without written decision in case no. 2D06-5558. *Wilson v. State*, 962 So. 2d 912 (Fla. 2nd DCA 2007)[table]. Following denial of rehearing, the mandate issued August 23, 2006.

Wilson filed the instant pro se § 2254 petition dated August 31, 2007, which is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA") effective April 24, 1996. *See*

*Lindh v. Murphy*, 521 U.S. 320, 336, 138 L. Ed. 2d 481, 117 S. Ct. 2059 (1997). The AEDPA,

enacted April 24, 1996, established a one-year statute of limitations for federal habeas corpus

actions, 28 U.S.C. § 2244(d)(1). The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The time during which a "properly filed application for State post-conviction or other

collateral review with respect to the pertinent judgment or claim is pending shall not be counted

toward any period of limitation under [the AEDPA]." 28 U.S.C. § 2244(d)(2). See 28 U.S.C. §

2244(d)(2); *Artuz v. Bennett*, 531 U.S. 4 (2000). Under *Artuz*, the Court looks to the state

procedural rules governing filings to determine whether an application for state post-conviction

relief is "properly filed." *Wade v. Battle*, 379 F.3d 1254, 1259-1260 (11th Cir. 2004).

### Commencement of Wilson's AEDPA Limitations Period

In most cases, the limitations period begins to run from the "date on which the judgment

became final by the conclusion of direct review or the expiration of the time for seeking such

review." 28 U.S.C. § 2244(d)(1)(A); *Bond v. Moore*, 309 F.3d 770, 772 (11th Cir. 2002). In

Wilson's case, his trial-based judgments became final on April 3, 2001, that is, upon expiration

of the time for seeking certiorari review following the January 3, 2001, affirmance in his direct

appeal. *See Nix v. Sec'y for Dep't of Corr.*, 393 F.3d 1235, 1236-37 (11th Cir. 2004) (Florida prisoner's conviction became "final" for AEDPA purposes on date that 90-day period for seeking certiorari review with the Supreme Court expired). Thereafter, he did not have a state application for postconviction or other collateral review within the meaning of § 2244(d)(2) pending a sufficient amount of time to render the instant federal petition timely filed.

Wilson claims he has newly discovered evidence in the form of new law. It is evident the decisional law on which he relies, as review of the federal petition bears out, is state-based. (Doc. No. 1 at 14). He does not allege such decisions implicate a constitutional right made retroactively applicable to cases on collateral review by the United States Supreme Court, and a subsequent state decision does not comprise a fact for purposes of § 2244(d)(1)(D). "If a change in (or clarification of) state law, by a state court, in a case in which [the petitioner] was not a party, could qualify as a 'factual predicate,' then the term 'factual' would be meaningless." *Shannon v. Newland*, 410 F.3d 1083, 1088 (9th Cir. 2005), cert. denied, 126 S. Ct. 1333 (2006); *cf. Johnson v. United States*, 544 U.S. 295, 125 S. Ct. 1571, 161 L. Ed. 2d 542 (2005)(holding that a state-court order vacating a petitioner's own state conviction does qualify as a "fact" for purposes of the counterpart of § 2244(d)(1)(D) contained in § 2255). In Wilson's case, the state district court did not vacate his conviction, and the state holdings on which Wilson relies do not constitute the 'factual predicate' for his claim. To hold otherwise "would create a large loophole in AEDPA's scheme to promote finality." *Shannon,* 410 F.3d at 1089.

Upon commencement of Wilson's AEDPA limitations period, a period of 261 days which was not tolled elapsed before Wilson filed his first rule 3.850 motion dated December 21, 2001. The 3.850 motion was denied on April 15, 2002. The tolling period was extended until May 15, 2002, the last date on which Wilson could have filed a timely appeal of the denial of rule 3.850

denial.  On July 22, 2002,  68 days later, Wilson filed his pro se petition seeking a belated appeal of the he rule 3.850.  A total of 329 days of the one-year period had expired (261 + 68 = 329) when he filed the petition seeking a belated appeal.

Wilson's 2002 state petition requesting a belated collateral appeal does not qualify as a statutory tolling application under § 2244(d)(2) because such does not constitute a method of state postconviction or other collateral review of a judgment of conviction and sentence in Florida. In Florida, a belated appeal petition is not part of "ordinary" direct or collateral review process of a conviction or sentence in Florida. This is a recognized method to seek such out-of-time-review. According to Florida Rules of Appellate Procedure Rule 9.141(c)(1), petitions seeking a belated appeal are "treated as original proceedings under rule 9.100. Such a proceeding does not entail direct or collateral review of a judgment of conviction or sentence in Florida.[1]

In Wilson's case, his request for a belated appeal related only to the asserted reason he did not timely appeal the rule 3.850 order. No collateral review was undertaken until after the order granting the belated appeal was entered. It was only then that Wilson's rule 3.850 motion became "pending" in the state district court. The fact that the state court allowed a belated appeal did not make a notice of appeal "timely" filed before the granting of the belated appeal petition. Because the belated appeal petition did not itself operate to trigger collateral review of Wilson's judgment and no rule 3.850 appeal was pending  when the belated appeal petition

---

[1] The normal and ordinary collateral review process of a rule 3.850 denial contemplates a timely notice of appeal from the rendered order. The application for a belated appeal is not an available alternative, at the option of a postconviction movant, to the filing of a timely notice of appeal of a rule 3.850 order.  In Florida, a grant of a belated appeal – not the application for such out-of-time review -- is the event which triggers collateral appellate review of a rule 3.850 order.

was filed, Wilson is not entitled to statutory tolling for the intervening period between the

expiration of the time for appealing the rule 3.850 denial and ensuing the belated appeal grant.[2]

But, even if, arguendo, Wilson is afforded statutory tolling for the entire period from the

date he signed his rule 3.850 motion December 21, 2001, to issuance of the mandate in the

belated collateral appeal, on February 25, 2003, nonetheless, Wilson's federal petition came

too late. By the time Wilson filed his state habeas petition dated August 8, 2006, his AEDPA

limitations period had long expired. Thus, the state habeas petition had no tolling effect. *See*

*Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.)(per curiam),(state-court petition filed

---

[2] In *Moore v. Crosby*, 321 F.3d 1377 (11th Cir. 2003), the Eleventh Circuit addressed whether a state court's granting of a belated appeal from the denial of post-conviction relief tolled the idle period between the expiration of time to appeal and the grant of the late appeal. The Eleventh Circuit in *Moore* cited *Melancon v. Kaylo*, 259 F.3d 401, 407 (5th Cir. 2001), in which it was observed that while a "state court's subsequent decision to permit review may toll the time relating to the application, it does not change the fact that the application was not pending prior to the filing of the application." *Moore*, 321 F.3d at 1380. Adopting the Fifth Circuit's approach, the Eleventh Circuit agreed a difference exists between giving a petitioner credit for time needed to exhaust his state remedies prior to filing a federal habeas petition and "retroactively" tolling periods in which the petitioner is not attempting to exhaust state remedies. Because Moore's belated appeal motion was not pending during the limitations period, it did not toll the AEDPA limitations period.

Unlike Moore's case, Wilson's belated appeal petition was filed within the unexpired portion of the AEDPA limitations period. Nonetheless, the request for a late postconviction appeal did not toll any portion of the unexpired limitation period because such application does not constitute a method of review of a judgment of conviction collaterally. It is only a request to enter the gateway for such review. In *Williams v. Crist*, 230 Fed. Appx. 861 (11th Cir. 2006)(unpublished), the Eleventh Circuit looked to how the Florida courts treated a state prisoner's motion for belated appeal. Because the petitioner's request was not deemed a new, separate proceeding, the Eleventh Circuit concluded based on the facts in that case the petitioner's motion for belated appeal was part of his 3.850 appeal. Thus, the Eleventh Circuit did not reach the Secretary's contention that even if Williams' belated appeal motion was "properly filed" under Florida law, it merely asked for an out-of-time appeal, did not challenge Williams's final conviction, and thus was not an application for post-conviction relief for purposes of § 2244(d)(2). Unlike the facts in Williams, however, in Wilson's case, there was no collateral appeal initiated until the state district court granted the petition and directed the opening of a separate collateral appeal. Until he obtained permission for the belated appeal, he had no expectation of further review of his rule 3.850 motion upon expiration of the time for taking a timely appeal of the rule 3.850 denial. It is consistent with the Florida court's treatment of his belated appeal petition to conclude that because there was no collateral review of his judgment undertaken until the belated petition was granted, the belated appeal petition did not operate as an application for state postconviction or other collateral review within the meaning of the tolling statute. To hold otherwise would be to conclude that existence of potential relief of a "late" collateral appeal prevents the limitations period from starting to run until after that level of appeal has been rejected. Such a position would incorrectly award tolling while no collateral attack is subject to review.

following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled), *cert. denied*, 531 U.S. 991 (2000).

The same reasoning applies with regard to Wilson's August 31, 2006, rule 3.850 motion. Wilson's limitations period had already expired on August 31, 2006.  Furthermore, Wilson's August 31, 2006, rule 3.850 motion was not a "properly filed" application for state post-conviction or other collateral review within the meaning of 28 U.S.C. § 2244(d)(2) because it was untimely [and not for the reason of its successive nature].  In *Pace v. Diguglielmo*, 543 U.S. 408 (2005), the Supreme Court made clear a state's filing deadline is a filing condition. The silent affirmance of the rule 3.850 order, in which the postconviction court recognized the untimeliness of the motion for postconviction relief,  ends the inquiry under § 2244(d)(2) into whether Wilson met the state's filing conditions. *See Pace*, 544 U.S. at 408 (2005)(When a postconviction petition is untimely under state law, "that [is] the end of the matter" for purposes of § 2244(d)(2).

### Wilson Delayed in Seeking Collateral Review of his Judgment.

The Supreme Court has never squarely addressed the question whether equitable tolling is applicable to AEDPA's statute of limitations. *See Pace*, 544 U.S. at 408 (because respondent assumed equitable tolling applied and because petitioner was not entitled to equitable tolling under any standard, Court assumed without deciding its application for purposes of case). The Eleventh Circuit has held that equitable tolling can be applied to prevent the application of AEDPA's statutory deadline when extraordinary circumstances have prevented an otherwise diligent petitioner from timely filing his petition. *Helton v. Sec'y for Dep't of Corr.*, 259 F.3d 1310, 1312 (11th Cir. 2001); *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002)(holding equitable tolling is an extraordinary remedy that is typically applied sparingly; however, it is

appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence).

Here, the Court need not address whether the preclusive effect of the statute of limitations can be avoided by equity because Wilson's is not a case where extraordinary circumstances have prevented an otherwise diligent petitioner from timely filing his federal petition. Among his delays, Wilson tarried unnecessarily following the silent habeas denial before filing his present federal petition on August 31, 2007. Wilson has not alleged a sufficient basis upon which to conclude he used due diligence in pursuing his claims and seeking federal habeas corpus relief in a timely manner.

## Deferential Standards of Review

Even if, arguendo, Wilson's petition could pass through the AEDPA's time barrier, Wilson must surmount the AEDPA's highly deferential standards for reviewing state court judgments. Parker v. Sec., Dept. Corr., 331 F.3d 764 (11th Cir. 2003). The AEDPA's highly deferential standards of review were established to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone,* 535 U.S. 685, 693 (2002); *see also, Bell v. Cone,* 125 S. Ct. 847 (2005)(habeas court's standard for evaluating state-court ruling is highly deferential, which demands that state-court decisions be given benefit of the doubt)[citing 28 U.S.C.A. § 2254(d)]). Pursuant to 28 U.S.C. § 2254: An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim– (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a

decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1)-(2).

### Exhaustion/Procedural Default

In addition, a § 2254 application cannot be granted unless a petitioner "has exhausted the remedies available in the courts of the State; . . ." 28 U.S.C. 2254(b)(1)(A); *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 144 L. Ed. 2d 1, 119 S. Ct. 1728 (1999). *See also, Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003) ("A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts.")(quoting *Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001)); *Duncan v. Henry*, 513 U.S. 364, 365 (1995)("Exhaustion of state remedies requires that the state prisoner fairly present federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights").

"The teeth of the exhaustion requirement comes from its handmaiden, the procedural default doctrine." *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001). Under the procedural default doctrine, "if the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is applicable." *Id.,* 256 F.3d at 1138. The cause and prejudice test is in the conjunctive, and Wilson must establish both components must be established to escape the preclusive effect of his procedural default. *Engle v. Isaac*, 456 U.S. 107 (1982); *Francis v. Henderson*, 425 U.S. 536 (1976).

The Court will not presume a Florida court ignores its own procedural rules when the Court issues only a one-sentence denial of relief which is essentially a summary dismissal. Such a ruling does not suggest that the state court resolved the issue on the federal claim presented. *See Coleman v. Thompson*, 501 U.S. 722, 735-36 (1991); *Kight v. Singletary*, 50 F.3d 1539, 1544-1545 (11th Cir. 1995) (applying procedural bar where state court's summary dismissal did not explain basis for ruling); *Tower v. Phillips*, 7 F.3d 206, 209 (11th Cir. 1993) (applying bar here state court did not rule on claims presented).

### The Present Petition

In his sole claim for relief (liberally construed), Wilson claims he was deprived of due process on grounds the state district court has not applied state law uniformly. Wilson points to state decisions finding state court error attended the giving of the forcible felony portion of the jury instruction on justifiable use of force. This claim presents state law issues for which federal habeas corpus relief does not lie. Whether an instruction on a defense conforms to state law and/or whether or not a state holding announces a new rule which must be applied retroactively applied under Florida law are matters within the sole province of the state courts.

A state prisoner is entitled to relief under 28 U.S.C. § 2254 only if he is held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Issues which present nothing more than issues of pure state law are wholly immune from federal habeas review. *See Jamerson v. Sec. for Dep't of Corrs.*, 410 F.3d 682, 688 (11th Cir. 2005) ("Federal habeas relief is unavailable for errors of state law.") (quotation omitted). Even when a petition which actually involves state law issues is "couched in terms of equal protection and due process," this limitation on federal habeas corpus review is of equal force. *Willeford v. Estelle*, 538 F.2d 1194, 1196-98 (5th Cir. 1976). [S]tate courts are the ultimate expositors of

state law," and federal courts must therefore abide by their rulings on matters of state law. *Mullaney v. Wilbur*, 421 U.S. 684, 691(1975) (citations and footnote omitted); *Carrizales v. Wainwright*, 699 F.2d 1053, 1055 (11th Cir. 1983).

Moreover, Wilson's claim is procedurally barred because Wilson did not preserve the constitutional dimension of his ground at trial[3]  and then raise a federal claim regarding the instruction on justifiable use of force on direct appeal. Wilson argued his instruction issue in state law terms. He did not, however, alert the state trial and appellate courts to a federal constitutional claim regarding the forcible felony portion of the instruction.

Before seeking federal habeas relief, a state prisoner to satisfy the exhaustion requirement, 28 U.S.C. § 2254(b)(1), must "fairly present" his claim in each appropriate state court to alert that court to the claim's federal nature. *See Baldwin v. Reese*, 541 U.S. 27 (2004). A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's  federal rights. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995).[4]

Wilson could have, if at all, raised the constitutional dimension of his ground at trial and on appeal. Although the state court may not have been likely to accept his underlying claim of instructional error, Wilson plainly had at his disposal the essential legal tools with which to

---

[3] In Florida, in order to preserve an issue for appellate review, specific legal argument or grounds upon which it is based must be presented to the trial court. *Occhicone v. State*, 570 So. 2d 902 (Fla. 1990), *cert. denied*, 111 S. Ct. 2067 (1991).

[4] The *Baldwin* Court guided that a petitioner wishing to raise a federal issue in state court can do so "by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" *Id.*, 541 U.S. at 32.

construct his claim on federal constitutional grounds. As a result, Wilson has procedurally defaulted any substantive claim of constitutional error relative to the jury instruction.

When Wilson improperly attempted to relitigate his substantive instructional error claim in his 2006 habeas petition, the state district court of appeal denied the petition without elaboration. In Florida, habeas corpus petitions are not to be used for additional appeals on questions which could have been or were raised on appeal or in a rule 3.850 motion. *See Rodriguez v. State*, 919 So. 2d 1252, n. 16(Fla. 2005); *see also, Wright v. State*, 857 So. 2d 861, 874 (Fla. 2003)("Habeas corpus should not be used as a vehicle for presenting issues which should have been raised at trial and on appeal or in postconviction proceedings.")

Wilson points to his 2006 rule 3.850 motion. However, the postconviction court recognized this motion was untimely and summarily denied relief.  No exception to the two-year limitation of rule 3.850 was found to apply in Wilson's case, and the ensuing silent affirmance is presumed to rest on the independent and adequate procedural grounds. An appellate court's unelaborated per curiam affirmance of a decision that is based on a procedural bar is deemed to affirm the procedural bar. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991); *Harmon v. Barton*, 894 F.2d 1268, 1273 (11th Cir. 1990).

Wilson did not present valid cause to excuse his defaults and any such cause allegation is foreclosed by the two-year time-limit of rule 3.850, *see Whiddon v. Dugger*, 894 F.2d 1266 (11th Cir.) (recognizing and applying two-year bar of Rule 3.850), *cert. denied*, 498 U.S. 834, (1990), and the state's successive petition doctrine. *See e.g., Pope v. State*, 702 So. 2d 221, 223 (Fla. 1997)(successive postconviction relief motions filed after the expiration of the time limit must be based on newly-discovered evidence). Wilson cannot therefore meet the *Wainwright v. Sykes* test. The cause and prejudice components are in the conjunctive and thus

both must be established to escape the preclusive effect of his procedural default. *Engle v. Isaac*, 456 U.S. 107 (1982).

Even if, arguendo, Wilson could show valid cause, Wilson cannot avoid his default. Wilson does not allege and meet the prejudice component of the *Wainwright v. Sykes* test. In addition, Wilson does not qualify for the fundamental miscarriage of justice exception. He has no new and reliable evidence of actual innocence. *Schlup,* at 321-22.

Neither the state district court nor the postconviction court discussed any federal ground relative to the subject jury instruction in rejecting his state habeas and 2006 rule 3.850 attacks, and federal review of these state decisions is foreclosed, whether such are deemed to rest on state or procedural grounds. It is a maxim well rooted in our federalist system that federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). This rule applies whether the state law ground is substantive or procedural. See *Eagle v. Linahan*, 279 F.3d 926, 936 (11th Cir. 2001), *citing Coleman*, 501 U.S. at 729.

Alternatively, Wilson does not show the state decision resulted in an unreasonable application of federal law as clearly established by the Supreme Court at the time and a reasonable determination of the facts in light of the evidence. The state decision resolves a question of state law, namely that subsequent state decisions on which Wilson relies is not retroactively applicable on collateral review. It is a fundamental principle state courts are the final arbiters of state law, and federal habeas courts should not second-guess them on such matters. *See Herring  v. Secretary, Dept. of Corrections*, 397 F.3d 1338, 1354-55 (11th Cir. 2005), *citing Agan v. Vaughn*, 119 F.3d 1538, 1549 (11th Cir. 1997).

Whether a state decision stated the law at the time the petitioner's conviction became final is solely within the province of the state courts. In *Fiore v. White*, 531 U.S. 225 (2001) (per curiam), the Supreme Court granted certiorari to answer whether due process requires a state court to apply a judicially announced change in state criminal law retroactively. The Court realized after granting certiorari, however, that question could not be answered until it knew whether there had been a change in the law at all. The Court therefore certified a question to the Pennsylvania Supreme Court asking whether its decision in *Commonwealth v. Scarpone*, 535 Pa. 273, 279, 634 A.2d 1109, 1112 (1993), was a change in the law from the time of the defendant's conviction. When the Pennsylvania Supreme Court answered that there had been no change, the United States Supreme Court acknowledged there was no question of retroactivity left to answer. *See Bunkley v. Florida*, 538 U.S. 835, 842-843 (2003), citing *Fiore v. White*, 531 U.S. at 226.

In Wilson's 2006 rule 3.850 motion, he did not present the postconviction court any *Fiore*-based claim, and any such claim is procedurally barred by the two-year limit of rule 3.850 and the state's successive petition doctrine. Because Wilson did not raise *Fiore*, the postconviction court was not obliged to analyze the state decisions on which he relied under the rationale of *Fiore*. He is left with the state law determinations made by the Florida courts in his case.

Furthermore, Wilson does not demonstrate there was an improper jury instruction which so infected the entire trial that the resulting conviction violates due process. *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977). In Wilson's case, it is objectively reasonable to conclude the instruction did not negate his defense because other portions: 1) correctly advised justifiable use of force was a defense to Wilson's crime and 2) set forth a specific framework for the fact-

-14-

finder's analysis of the evidence in relation to the defense. Viewing the instructions as a whole, it is objectively reasonable to conclude there was no reasonable likelihood that the jury applied the [collaterally] challenged portions in a way that would prevent the consideration of constitutionally relevant evidence. *See Brown v. Payton*, 125 S. Ct. 1432, 1440 (2005), citing *Boyde v. California*, 494 U.S. 370, 380-81 (1990).

The Supreme Court has held state statutes may create liberty interests that are entitled to the procedural protections of the Due Process Clause of the Fourteenth Amendment. *Vitek v. Jones*, 445 U.S. 480 (1980). Such state-created rights may not be "arbitrarily abrogated." *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). Wilson neither in his state habeas petition nor his rule 3.850 motion alleged he had a federal due process right resulting from any state-created liberty interest governing the state's procedures for giving the jury instruction on justifiable use of force. *See also generally, Hicks v. Oklahoma*, 447 U.S. 343, 346  (1980). Any such claim is now procedurally barred by the two-year limit of rule 3.850 and the state's successive petition doctrine.

At any rate, the federal due process clause is not implicated here because a state-created right is not unqualified where state law allows appellate courts to "cure the deprivation" through "harmless error" review. *Clemons v. Mississippi*, 494 U.S. 738, 746-47 (1990). In Wilson's case, it is objectively reasonable to conclude any claimed instructional error, if such, was harmless, having no substantial and injurious effect or influence in determining the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993).

Wilson's jury was properly instructed on the charged offense, and given the extensive instructions on specific factors his jury was to consider in assessing asserted justification for the use of force, Wilson does not demonstrate the complained-of phrases in the instructions

-15-

were reasonably likely to have misled the jury. Moreover, the state adduced more than sufficient evidence for a rational jury to conclude Wilson committed the robbery and had ample opportunity to avoid his use of force in cutting the store security officer with the box cutter in the course of theft.

By pleading self-defense, a defendant puts before the jury the credibility of his account of the threat he felt and the reasonableness of his reaction to it. *House v. Lavoie,* 843 F.2d 474 (11th Cir. 1988). In Wilson's case, the facts adduced by the state establishing his guilt of robbery amply showed he was not justified in his use of force by any definition.

Because any claimed defect in the instruction was harmless in Wilson's case, as the state alternatively maintained in the direct appeal, it is objectively reasonable to conclude Wilson is unable to show he was deprived of due process in the giving of the instruction on the use of force, or in the state courts' application of Florida law, in his case.

**Accordingly, the Court orders:**

That Wilson's petition is denied.  The Clerk is directed to enter judgment against Wilson and to close this case.

**CERTIFICATE OF APPEALABILITY AND**

**LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a

showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on May 21, 2008.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record
Andrew James Wilson